**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| U.S. BANK NATIONAL ASSOCIATION d/b/a U.S. BANK EQUIPMENT FINANCE | ) | |
| Plaintiff, | ) | Case No. |
| v. | ) | |
| JOHN GALT GROUP LLC and ION MURA, | ) | |
| Defendants. | ) | |

**VERIFIED COMPLAINT**

NOW COMES Plaintiff U.S. BANK NATIONAL ASSOCIATION d/b/a U.S. BANK EQUIPMENT FINANCE ("U.S. Bank"), by and through counsel, for its Verified Complaint against Defendants JOHN GALT GROUP LLC ("John Galt Group"), and ION MURA ("Mura") (collectively the "Defendants"), states as follows:

**PARTIES**

1. U.S. Bank is a national bank organized under the laws of the United States, with its principal place of business in Minneapolis, Minnesota. U.S. Bank maintains its charter in the State of Ohio, and its main office is located in Cincinnati, Ohio.

2. John Galt Group is an Illinois limited liability company with its principal place of business located at 800 Roosevelt Rd, Bldg A, Suite 12, Glen Ellyn, Illinois 60137-5863. Mura is the only member of John Galt Group.

3. Mura is a citizen of the State of Illinois domiciled at 1325 Leeds Ct, Wheaton, Illinois 60187. Upon information and believe, Mura is the President of John Galt Group.

## JURISDICTION AND VENUE

4. Jurisdiction is appropriate in this Court pursuant to 28 U.S.C. § 1332(a)(1), as the parties are of diverse citizenship and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

5. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(1) and (2), because the Defendants maintain its principal place of business and are domiciled in this judicial district, the events giving rise to this litigation occurred in this judicial district and because the Defendants reside in this judicial district.

## BACKGROUND

**First Agreement**

6. On or about December 14, 2021, U.S. Bank, as secured party, and John Galt Group, as customer, entered into an Equipment Finance Agreement No. xxx4141, (internally referenced by U.S. Bank as Agreement No. XXX-XXX8368-000) (the "First Agreement"), for the financing of the following equipment: three (3) 2022 Transcraft Eagle Cal Flatbed Trailers 1TTF532C3N3348776, 1TTF532C5N334877 and 1TTF532C7N3348778 (the "First Equipment"). A true and correct copy of the Agreement is attached hereto as Exhibit 1.

7. Pursuant to the First Agreement, John Galt Group agreed to make sixty (60) monthly payments of $1,921.52 each, plus taxes. *See* Exhibit 1.

8. Pursuant to the First Agreement, John Galt Group granted U.S. Bank a security interest in the First Equipment to secure all amounts owed to U.S. Bank under the First Agreement or any other agreements with U.S. Bank. *See* Exhibit 1, ¶ 3.

9. U.S. Bank property perfected its security interest in the First Equipment via the Certificated of Title. True and correct copies of the First Equipment's Certificates of Title are attached hereto as Group Exhibit 2.

10. John Galt Group failed to make the payment due under the First Agreement on January 23, 2025, and all payments due thereafter.

11. Failure to make payments when due is an Event of Default under the First Agreement. *See* Exhibit 1, ¶ 6.

12. Upon the occurrence of an Event of Default, U.S. Bank is entitled to seek unpaid balance of the Agreement, including any future payments to the end of term, discounted to present value at two percent (2%), plus prejudgment interest on any unpaid amount at the rate of twelve percent (12%) per year, late fees, and attorneys' fees and costs. *See* Exhibit 1, ¶ ¶ 2 and 6.

13. The remaining balance due to U.S. Bank under the First Agreement is $46,154.65.

14. U.S. Bank demanded payment from John Galt Group pursuant to the First Agreement, but John Galt Group has failed and refused to make payment.

15. U.S. Bank has fully performed its obligations under the terms of the First Agreement.

**Second Agreement**

16. On or about June 2, 2022, U.S. Bank, as secured party, and John Galt Group, as customer, entered into an Equipment Finance Agreement No. xxx3300, (internally referenced by U.S. Bank as Agreement No. XXX-XXX9445-000) (the "Second Agreement"), for the financing of the following equipment: one (1) 2017 Fontaine Semi TRL 13N1532C1H1522636; one (1) 2017 Fontaine Chassis Semi TRL 13N1532C3H1522637; and one (1) 2018 Fontaine HCICF22RSA

Semi TRL 13N1532C8J1527158 (the "Second Equipment"). A true and correct copy of the Second Agreement is attached hereto as Exhibit 3.

17. Pursuant to the Second Agreement, John Galt Group agreed to make sixty (60) monthly payments of $2,874.04 each, plus taxes. *See* Exhibit 3.

18. U.S. Bank properly perfected its security interest in the Second Equipment via the Certificates of Title. True and correct copies of the Second Equipment's Certificates of Title are attached hereto as Group Exhibit 4.

19. John Galt Group failed to make the payment due under the Second Agreement on December 23, 2024, and all payments due thereafter.

20. Failure to make payments when due is an Event of Default under the Second Agreement. *See* Exhibit 3, ¶ 6.

21. Upon the occurrence of an Event of Default, U.S. Bank is entitled to seek unpaid balance of the Second Agreement, including any future payments to the end of term, discounted to present value at two percent (2%), plus prejudgment interest on any unpaid amount at the rate of twelve percent (12%) per year, late fees, and attorneys' fees and costs. *See* Exhibit 3, ¶ ¶ 2 and 6.

22. The remaining balance due to U.S. Bank under the Second Agreement is $88,750.41.

23. U.S. Bank demanded payment from John Galt Group pursuant to the Second Agreement, but John Galt Group has failed and refused to make payment.

24. U.S. Bank has fully performed its obligations under the terms of the Second Agreement.

**Third Agreement**

25. On or about February 23, 2023, U.S. Bank, as secured party, and John Galt Group, as customer, entered into an Equipment Finance Agreement No. xxx9739, (internally referenced by U.S. Bank as Agreement No. XXX-XXX0470-000) (the "Third Agreement"), for the financing of the following equipment: one (1) 2019 Freightliner Sleeper Truck 3AKJHHDR1KSKD7739 (the "Third Equipment"). A true and correct copy of the Third Agreement is attached hereto as Exhibit 5.

26. Pursuant to the Third Agreement, John Galt Group agreed to make forty-eight (48) monthly payments of $2,767.02 each, plus taxes. *See* Exhibit 5.

27. To induce U.S. bank to enter into the Third Agreement, Mura personally guaranteed the full and prompt payment and performance of all John Galt Group's obligations to U.S. Bank under the Third Agreement (the "First Guaranty"). See *Exhibit 6.*

28. U.S. Bank properly perfected its security interest in the Third Equipment via the Certificate of Title. A true and correct copy of the Third Equipment's Certificate of Title is attached hereto as Exhibit 7.

29. John Galt Group and Mura failed to make the payment due under the Third Agreement on December 23, 2024, and all payments due thereafter.

30. Failure to make payments when due is an Event of Default under the Third Agreement. *See* Exhibit 5, ¶ 6.

31. Upon the occurrence of an Event of Default, U.S. Bank is entitled to seek unpaid balance of the Third Agreement, including any future payments to the end of term, discounted to present value at two percent (2%), plus prejudgment interest on any unpaid amount at the rate of

twelve percent (12%) per year, late fees, and attorneys' fees and costs. *See* Exhibit 5, ¶ ¶ 2 and 6.

32. The remaining balance due to U.S. Bank under the Third Agreement is $74,664.98.

33. U.S. Bank demanded payment from John Galt Group and Mura pursuant to the Third Agreement, but John Galt Group and Mura has failed and refused to make payment.

34. U.S. Bank has fully performed its obligations under the terms of the Third Agreement.

**Fourth Agreement**

35. On or about February 23, 2023, U.S. Bank, as secured party, and John Galt Group, as customer, entered into an Equipment Finance Agreement No. xxx1507 (internally referenced by U.S. Bank as Agreement No. XXX-XXX0471-000) (the "Fourth Agreement") for the financing of the following equipment: one (1) 2016 Transcraft Flatbed Trailer 1TTF532C7G3924100 (the "Fourth Equipment"). A true and correct copy of the Fourth Agreement is attached hereto as Exhibit 8.

36. Pursuant to the Fourth Agreement, John Galt Group agreed to make sixty (60) monthly payments of $1,071.30 each, plus taxes. *See* Exhibit 8.

37. To induce U.S. bank to enter into the Fourth Agreement, Mura personally guaranteed the full and prompt payment and performance of all John Galt Group's obligations to U.S. Bank under the Fourth Agreement (the "Second Guaranty"). See *Exhibit 9.*

38. U.S. Bank properly perfected its security interest in the Fourth Equipment via the Certificate of Title. A true and correct copy of the Fourth Equipment's Certificate of Title is attached hereto as Exhibit 10.

39. John Galt Group and Mura failed to make the payment due under the Fourth Agreement on December 23, 2024, and all payments due thereafter.

40. Failure to make payments when due is an Event of Default under the Fourth Agreement. *See* Exhibit 8, ¶ 6.

41. Upon the occurrence of an Event of Default, U.S. Bank is entitled to seek unpaid balance of the Fourth Agreement, including any future payments to the end of term, discounted to present value at two percent (2%), plus prejudgment interest on any unpaid amount at the rate of twelve percent (12%) per year, late fees, and attorneys' fees and costs. *See* Exhibit 8, ¶ ¶ 2 and 6.

42. The remaining balance due to U.S. Bank under the Fourth Agreement is $41,107.12.

43. U.S. Bank demanded payment from John Galt Group and Mura pursuant to the Fourth Agreement, but John Galt Group and Mura has failed and refused to make payment.

44. U.S. Bank has fully performed its obligations under the terms of the Fourth Agreement.

**Fifth Agreement**

45. On or about February 23, 2023, U.S. Bank, as secured party, and John Galt Group, as customer, entered into an Equipment Finance Agreement No. xxx1507 (internally referenced by U.S. Bank as Agreement No. XXX-XXX0472-000) (the "Fifth Agreement") (collectively with the First Agreement, Second Agreement, Third Agreement, Fourth Agreement and Fifth Agreement, the "Agreements"), for the financing of the following equipment: one (1) 2018 Freightliner Sleeper Truck 3AKJHHDR8JSJP1161 (the "Fifth Equipment") (collectively with the

First Equipment, Second Equipment, Third Equipment, Fourth Equipment and Fifth Equipment, the "Equipment"). A true and correct copy of the Fifth Agreement is attached hereto as Exhibit 11.

46. Pursuant to the Fifth Agreement, John Galt Group and Mura agreed to make thirty-six (36) monthly payments of $3,201.23 each, plus taxes. *See* Exhibit 11.

47. To induce U.S. bank to enter into the Fifth Agreement, Mura personally guaranteed the full and prompt payment and performance of all John Galt Group's obligations to U.S. Bank under the Fifth Agreement (the "Third Guaranty"). See *Exhibit 12.*

48. U.S. Bank properly perfected its security interest in the Fifth Equipment via the Certificate of Title. A true and correct copy of the Fifth Equipment's Certificate of Title is attached hereto as Exhibit 13.

49. John Galt Group and Mura failed to make the payment due under the Fifth Agreement on December 23, 2024, and all payments due thereafter.

50. Failure to make payments when due is an Event of Default under the Fifth Agreement. *See* Exhibit 11, ¶ 6.

51. Upon the occurrence of an Event of Default, U.S. Bank is entitled to seek unpaid balance of the Fifth Agreement, including any future payments to the end of term, discounted to present value at two percent (2%), plus prejudgment interest on any unpaid amount at the rate of twelve percent (12%) per year, late fees, and attorneys' fees and costs. *See* Exhibit 11, ¶ ¶ 2 and 6.

52. The remaining balance due to U.S. Bank under the Fifth Agreement is $48,949.32.

53. U.S. Bank demanded payment from John Galt Group and Mura pursuant to the Fifth Agreement, but John Galt Group and Mura has failed and refused to make payment.

54. U.S. Bank has fully performed its obligations under the terms of the Fifth Agreement.

**COUNT I - BREACH OF CONTRACT AGAINST JOHN GALT GROUP LLC**

55. U.S. Bank re-alleges and re-asserts Paragraphs 1 through 54 of its Verified Complaint as though fully set forth herein.

56. John Galt Group defaulted under the Agreements by failing and refusing to make payments when due. Therefore, John Galt Group is indebted to U.S. Bank in the amount of $299,626.48, plus prejudgment interest, attorneys' fees and costs.

WHEREFORE, Plaintiff U.S. BANK NATIONAL ASSOCIATION d/b/a U.S. BANK EQUIPMENT FINANCE respectfully requests that the Court enter judgment in its favor and against Defendant JOHN GALT GROUP LLC in the amount of $299,626.48, plus prejudgment interest, attorneys' fees and costs, as well as all other such relief which this Court deems just.

**COUNT II - BREACH OF GUARANTY**
**AGAINST DEFENDANT ION MURA**

57. U.S. Bank repeats and realleges paragraph 1 through 56 as though fully set forth herein.

58. Under the Guaranties, Mura is indebted to U.S. Bank for the amounts due to U.S. Bank from John Galt Group under the Third, Fourth and Fifth Agreements.

59. Mura has failed to pay $164,721.42, plus accrued interest, late fees, and attorneys' fees and costs, to U.S. Bank.

60. Accordingly, Mura has breached the Guaranties under the Third, Fourth and Fifth Agreements.

61. Due to Mura's breach of the Guaranties under the Third, Fourth and Fifth

Agreements, U.S. Bank has suffered actual damages in the amount of $164,721.42, plus accrued interest, late fees, and attorneys' fees and costs.

WHEREFORE, Plaintiff U.S. BANK NATIONAL ASSOCIATION d/b/a U.S. BANK EQUIPMENT FINANCE, respectfully requests that this Court enter Judgment in its favor and against ION MURA, in the amount of $164,721.42, plus accrued interest, late fees, and attorneys' fees and costs, as well as all other and further relief which this Court deems just.

**COUNT III – REPLEVIN AGAINST JOHN GALT GROUP LLC.**

62. U.S. Bank re-alleges and re-asserts Paragraphs 1 through 61 of its Verified Complaint as though fully set forth herein.

63. This claim is brought pursuant to Illinois Code of Civil Procedure 735 ILCS 5/19-101 et seq., made applicable to this proceeding pursuant to 28 U.S.C. 1652.

64. U.S. Bank has a security interest in the Equipment and is listed as the first lienholder on the Certificates of Title to the Equipment. *See* Group Exhibit 2, Group Exhibit 4, Exhibit 6, Exhibit 8 and Exhibit 10.

65. Due to John Galt Group's default under the Agreements, U.S. Bank is entitled to the return of the Equipment.

66. U.S. Bank has demanded the return of the Equipment from John Galt Group, but John Galt Group has failed or refused to return the Equipment.

67. John Galt Group refuses to surrender the Equipment voluntarily.

68. John Galt Group is wrongfully and unlawfully detaining the Equipment.

69. The Equipment has not been taken for any tax, assessment, or fine levied by virtue of any law of this State against the property of U.S. Bank, nor seized under any lawful process

against the goods and chattels of U.S. Bank subject to such lawful process, nor held by virtue of any order for replevin against U.S. Bank.

70. U.S. Bank estimates that the fair market value of the Equipment is approximately $87,953.00, depending on its condition and market conditions at the time of any sale.

WHEREFORE, Plaintiff U.S. BANK NATIONAL ASSOCIATION d/b/a U.S. BANK EQUIPMENT FINANCE respectfully requests that this Honorable Court enter an Order directing the U.S. Marshals Service, or a duly authorized authority, to use all necessary force, including the force necessary to break locks and force open doors, to repossess the Equipment, or any portion thereof, from 800 Roosevelt Rd, Bldg A, Suite 12, Glen Ellyn, Illinois 60137-5863, or wherever it may be found, and enter a judgment against JOHN GALT GROUP LLC for the value of any Equipment not so returned, plus attorney's fees and costs, as well as all other and further relief which this Court deems just.

**COUNT IV – DETINUE AGAINST JOHN GALT GROUP LLC AND ION MURA.**

71. U.S. Bank re-alleges and re-asserts Paragraphs 1 through 70 its Verified Complaint as though fully set forth herein.

72. Mura controls the day to day operations of John Galt Group and determines whether John Galt Group will surrender the Equipment to U.S. Bank.

73. U.S. Bank is entitled to possession of the Equipment due to John Galt Group's payment default under the Agreements.

74. John Galt Group and Mura are wrongfully retaining possession and control of the Equipment, because John Galt Group has defaulted under the terms of the Agreements by failing to make timely payment when due, and John Galt Group and Mura have failed to surrender the Equipment despite U.S. Bank's demand.

75. The Equipment is in the possession and control of John Galt Group and Mura.

76. John Galt Group and Mura have no right, title or interest in the Equipment after John Galt Group's default. U.S. Bank's right to possession of the Equipment is superior to that of John Galt Group and Mura. Accordingly, U.S. Bank is entitled to an Order compelling John Galt Group and Mura to surrender the Equipment to U.S. Bank at a place within this judicial district within fourteen (14) days.

WHEREFORE, U.S. BANK NATIONAL ASSOCIATION d/b/a U.S. BANK EQUIPMENT FINANCE respectfully requests that this Court enter an Order compelling JOHN GALT GROUP LLC and ION MURA, jointly and severally, to surrender the Equipment to U.S. Bank National Association d/b/a U.S. Bank Equipment Finance at a place (within this judicial district) and time directed by U.S. Bank National Association d/b/a U.S. Bank Equipment Finance within fourteen (14) days of this Court's entry of judgment.

U.S. BANK NATIONAL ASSOCIATION
d/b/a U.S. BANK EQUIPMENT FINANCE

By: /s/ D. Alexander Darcy

D. Alexander Darcy (ARDC #06220515)
Darcy & Devassy PC
444 N. Michigan Ave. Suite 3270
Chicago, IL 60611
312/784-2400; 312/784-2410 (Facsimile)
adarcy@darcydevassy.com

## VERIFICATION

Under penalties of perjury, the undersigned certifies that the statements set forth in the Complaint are true and correct, except as to matters therein stated to be on information and belief, and as to such matters, the undersigned certified as aforesaid that she verily believes the same to be true.

9/30/2025

Patricia Thomas
Officer | Loss Mitigation Specialist
U.S. Bank National Association
d/b/a U.S. Bank Equipment Finance

Date